**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| DAMIEN RIVERO, | 3:08-CV-286-ECR (RAM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | **OF U.S. MAGISTRATE JUDGE** |
| E.K. McDANIEL, et al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's motion for a temporary restraining order (Doc. #4[1]). Defendants have opposed (Doc. #10), and Plaintiff has replied (Doc. #14). After a thorough review, the court recommends that the motion be denied.

## I. BACKGROUND

At all relevant times, Plaintiff Damien Rivero ("Plaintiff") was in custody of the Nevada Department of Corrections (NDOC) as an inmate at Ely State Prison (ESP). Defendants include various wardens, correctional officers, and caseworkers at ESP. (Pl.'s Complaint (Doc. #5-2) 1, 3-7.) Plaintiff has filed a motion for a temporary restraining order enjoining the defendants from interacting with him due to alleged retaliatory conduct he has experienced since filing this lawsuit. (Pl.'s Mtn. for Temp. Restraining Order (Doc. #4) 7.) He claims that various

---

[1] Refers to the court's docket number.

1

defendants have subjected him to harassment similar to what is alleged in the complaint, including comments that he will never be able to remove his segregation status or receive parole; denials of recreational yard time, showers, and meals on various occasions; and the falsification of unspecified records. (*Id.* at 5-6.) He also alleges that Defendants McDaniel and Endel (Warden and Assistant Warden at ESP) have been nonresponsive to the various kites, letters, and grievances he has submitted regarding the ongoing harassment. (*Id.* at 4.) Plaintiff requests placement in a prison segregation unit away from the named defendants. (*Id.* at 7.)

## **II. LEGAL STANDARD**

A temporary restraining order is available when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction. Fed. R. Civ. P. 65(b) (motion for preliminary injunction shall be set for hearing at earliest possible time after entry of temporary restraining order). Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347, n. 2 (1977); *Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981).

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, --- U.S. ----, ----, 128 S.Ct. 2207, 2219, 171 L.Ed.2d 1 (2008) (citations and quotation omitted). Instead, the instant motion requires the court to "balance the competing claims of injury and . . . the effect of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council*, --- U.S. ----, ----, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987)). A plaintiff seeking a preliminary injunction must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4)

2

1 advancement of the public interest. *Id.* (citations omitted).[2]

2 The Prison Litigation Reform Act (PLRA) imposes certain guidelines on the prospective

3 relief to be granted to an inmate litigant in a lawsuit challenging prison conditions:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

### III. DISCUSSION

**A.   PROBABLE SUCCESS ON THE MERITS**

To justify the "extraordinary remedy" of injunctive relief, Plaintiff must demonstrate probable success on the merits of his claims. Other than his affidavit, which lacks supporting detail, Plaintiff offers no actual evidence of the retaliatory conduct on which his allegations are based. He provides no context for the various incidents alleged in his claims other than listing the date they occurred and the officers involved. He also fails to include as exhibits correspondence with prison officials regarding his complaints that would demonstrate their indifference to his rights. Finally, with respect to his retaliation claims, Plaintiff does not

---

[2] Before *Winter*, the courts in this circuit applied an alternative, "sliding-scale" test for issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one factor with the strength of another. *See Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005). In *Winter,* the Supreme Court did not directly address the continued validity of the balancing approach. *See Winter*, 129 S.Ct. at 392 (Ginsburg, J., dissenting) ("[C]ourts have evaluated claims for equitable relief on a 'sliding scale,' sometimes awarding relief based on a lower likelihood of harm when the likelihood of success is very high . . . This Court has never rejected that formulation, and I do not believe it does so today."). This court will require Plaintiff to make a showing on all four of the traditional preliminary injunction requirements. Applying the balancing approach here would not lead to a different result, as Plaintiff has not made a strong showing on any single factor for injunctive relief. *See infra*.

3

1  explain precisely what First Amendment conduct has been chilled as a result of the alleged
2  threats by prison officials regarding his classification or parole eligibility or any other harassing
3  conduct. *See Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) (prisoner must submit
4  evidence establishing a linkage between exercising constitutional rights and the alleged
5  retaliatory action). As a result, the essential facts of this action are still in dispute. Plaintiff
6  therefore fails to make a "clear showing" with respect to his burden of persuasion that would
7  be consistent with a likelihood of success on the merits. *See Remlinger*, 896 F.Supp. at 1015.

**B.  IRREPARABLE INJURY**

Plaintiff alleges ongoing injury to his constitutional rights resulting from Defendants' retaliatory conduct. There is, however, no evidence demonstrating that any of the deprivations alleged in the complaint have continued to occur since Plaintiff filed the lawsuit. His affidavit fails to indicate on what occasions he was denied recreational time, showers, or meals since filing the lawsuit, or any other proof substantiating this aspect of his claims. While his complaint mentions certain incidents occurring in September 2007 and January 2008 with respect to these deprivations (Pl.'s Compl. 12-13), there is no evidence of a systematic or ongoing pattern of such conduct. Assuming the conduct alleged in the complaint was continuing, Plaintiff would suffer an irreparable injury. *See Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir.1984) (allegation of a constitutional violation satisfies the requirement that a plaintiff show irreparable harm) (citing 11 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2948, at 440 (1973)); *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (denial of recreational time can amount to an Eighth Amendment violation). However, in the absence of any evidence that the retaliatory conduct is ongoing, any injury from denying relief must be correspondingly mitigated. The court finds that this factor does not favor granting Plaintiff's motion for a temporary restraining order.

**C.  REMAINING FACTORS**

As set forth above, there is no definite irreparable harm that will befall Plaintiff absent a TRO. Should this court grant the motion, however, Plaintiff would have to be placed in

4

special confinement away from the defendants, who consist of seventeen members of the prison staff. According to Defendants, isolating Plaintiff from this many ESP employees would involve a non-trivial expenditure of prison resources, which is not in the public interest. Given that the court must accord "substantial weight" to the effects of injunctive relief on the operation of the prison, the court finds that the balance of hardships favors the defendants. *See* 18 U.S.C. § 3626(a)(2). Therefore, because none of the factors for evaluating an injunction favor granting relief, the motion for a temporary restraining order should be denied.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's Motion for a Temporary Restraining Order (Doc. #4).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED: July 17, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

5